# Parker *v.* Parker.

*Bill in Equity for Reformation of Conveyance.*

1. *Conveyance of wife's property; sale or exchange.*—A conveyance of land belonging to the statutory estate of the wife, executed by her and her husband jointly, was valid and effectual to pass the title, under the statutes of force prior to February 28, 1887, although the consideration was another tract of land received in exchange.
2. *Reformation of conveyance by husband and wife,* on ground of mistake in description of land, decreed on the authority of *Parker v. Parker,* p. 362.

APPEAL from the City Court of Birmingham, in equity. Heard before the Hon. H. A. SHARPE.

The bill in this case was filed on the 9th July, 1887, by James E. Parker and wife, against Martin Parker and wife; and sought the reformation of a conveyance of a tract of land, executed to the complainants by the defendants, on the ground that the land intended to be conveyed was not correctly described in the deed. The conveyance, a copy of which was made an exhibit to the bill, was dated October 29th, 1886, signed by both of the defendants, by mark attested by witnesses, and duly acknowledged before a justice of the peace; and there was an additional certificate of acknowledgment by Mrs. Parker, on examination separate and apart from her husband. The consideration recited in the

[Parker v. Parker.]

deed was $500 in hand paid; but the real consideration, as the bill alleged and the answers admitted, was an exchange of one tract of land for another. The tract which, as alleged, the defendants intended to exchange and to convey to the plaintiffs, contained about 40 acres, described by courses and distances, and constituted at the time a part of the defendants' homestead; and it was a part of a tract of land which H. F. DeBardelaben and wife, by deed dated May 4th, 1885, had conveyed to said Martin Parker and his wife jointly, or as tenants in common, in exchange for another tract of land. The answers of the defendants set up the same defenses as in the case of *Parker v. Parker, ante,* and further contended that, under statutory provisions then in force, lands belonging to the wife's statutory estate could not be exchanged for other lands or property. On final hearing, on pleadings and proof, the court rendered a decree for the complainants as prayed; and that decree is now assigned as error.

L. L. DEAN, and SMITH & LOWE, for appellants, cited *Gunter v. Leckey,* 30 Ala. 591; *Williamson v. Berry,* 1 How. 495, and other cases cited for appellant in *Parker v. Parker, ante,* p. 363.

WEAVER & SELHEIMER, *contra.*

McCLELLAN, J.—The contention of appellants, that under the law of force prior to the act of February 28, 1887, a married woman, being joined therein by her husband, could not convey property belonging to her statutory separate estate, in exchange for and in consideration of other property, is unsound.—*Evans v. English,* 61 Ala. 416; *Pollak v. Graves,* 72 Ala. 350.

In all other respects, this case is identical with that of these appellants against John D. Parker, decided adversely to them at this term; and the decree of the City Court is affirmed, on the authority of that case.

Affirmed.